UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
EERIE DIVISION

| | |
|---|---|
| CURTIS and TINA ELDER,          ) | |
| )                                 | |
| Plaintiff,                       ) | |
| )                                 | No. 12-115 |
| v.                               ) | |
| )                                 | |
| VALENTINE & KEBARTAS, INC.,      ) | |
| )                                 | |
| Defendant.                       ) | |

### PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

CURTIS and TINA ELDER (Plaintiffs), by their attorneys, KROHN & MOSS, LTD., allege the following against VALENTINE & KEBARTAS, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15* U.S.C. 1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the State of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiffs are natural persons residing in the Wattsburg, Eerie County, Pennsylvania.

6. Plaintiffs are consumers as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and sought to collect a consumer debt from Plaintiffs.

8. Defendant is a national corporation with a business office located in Bradenton, Florida.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant places collection calls to Plaintiffs seeking and demanding payment for debt arising from a credit card debt.

12. Plaintiffs' alleged debt owed arises from transactions for personal, family, and household purposes.

13. In February 2012, Defendant called Plaintiffs and left a voicemail message in Plaintiffs' answering machine. *See* Exhibit A.

14. In the voicemail message, Defendant's representative, "Jennifer Russell", failed to state that the company's name and the nature of the call. *See* Exhibit A.

15. In the voicemail message, Defendant's representative, "Jennifer Russell", failed to state that the call was from a debt collector. *See* Exhibit A.

16. In the voicemail message, Defendant's representative, "Jennifer Russell", directed Plaintiff

Curtis Elder to call her back at 800-731-7766 at extension 224, which is a number that belongs to Defendant.

17. Defendant placed a collection call to Plaintiffs' telephone at XXX-XXX-5705.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiffs and fails to state the name of its company and the nature of the call.

    c. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

    d. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

    e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

WHEREFORE, Plaintiffs, CURTIS ELDER and TINA ELDER, respectfully requests judgment be entered against Defendant, VALENTINE & KEBARTAS, INC., for the following:

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

21. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, CURTIS ELDER and TINA ELDER, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

May 8, 2012

By: /s/ Michael A. Siddons
Michael A. Siddons, Esq.
Margolis Edelstein
The Curtis Center, Ste. 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
215.931.5828
215.922.1772 (Fax)
msiddons@margolisedelstein.com